UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY FAIRBAIRN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY INVESTMENTS CHARITABLE GIFT FUND,<br><br>Defendant. | Case No. 18-cv-04881-JSC<br><br>**ORDER REGARDING TAX RETURN DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 61, 62, 63 |

Pending before the Court are two discovery dispute joint letters regarding (1) Defendant's request for Plaintiff's 2015, 2016 and 2017 federal and state tax returns (Dkt. No. 6), and Defendant's request for documents related to Ascend Legend and Valley High (Dkt. No. 63). The Court held a hearing on May 2, 2019 and ruled in open court. This Order supplements that ruling.

1. Plaintiffs must produce the requested tax returns, including work papers, for 2016 and 2017. California's statutory tax privilege, to the extent it exists, *see AJY Int'l, Inc. v. Paldo Co.*, No. 17-CV-00744-VC (LB), 2017 WL 3588241, at *4 (N.D. Cal. Aug. 19, 2017), is not absolute. The privilege will not shield returns from discovery when (1) the circumstances indicate an intentional waiver of the privilege; (2) the gravamen of the lawsuit is inconsistent with the privilege; or (3) a public policy greater than that of the confidentiality of tax returns is involved. *Schnabel v. Superior Court*, 5 Cal.4th 704, 721 (1993).

> Disclosure has been found justified despite the assertion of privilege where tax returns were placed at issue by a plaintiff's claim. *See e.g., Wilson v. Superior Court*, 63 Cal.App.3d 825, 830, 134 Cal.Rptr. 130 (1976) (waiver by placing at issue contents and consequences of tax returns in lawsuit against tax accountants); *Barrous v. BP P.L.C.*, No. 10–cv–02944, 2011 WL 1431826, at *3–4 (N.D. Cal. Apr.14, 2011) (compelling production of tax returns in suit seeking damages for contamination where plaintiffs claimed that but for defendant's conduct they could have received financing to develop their property,

> and failed to identify other financial documents or records that would supply the relevant information); *Small v. Travelers Prop. Cas. Co. of Am.*, No. 8–cv–1160, 2010 WL 2523649, at *2 (S.D.Cal. June 21, 2010) (assertion of privilege as to federal and state tax returns was inconsistent with plaintiff's insurance claim for loss of income and profits from the destruction of avocado trees as a result of fire).

*Slojewski v. Allstate Ins. Co.*, No. 11-CV-03614 PJH NC, 2013 WL 1117142, at *2 (N.D. Cal. Mar. 18, 2013).

Plaintiffs have placed their returns directly at issue and thus have waived the privilege by claiming as damages a reduced charitable tax deduction on their 2017 return. (Dkt. No. 1 ¶ 11, 71(b).) In particular, they seek "the difference between their actual deduction and the deduction they would have received had Fidelity Charitable honored its promises." (*Id.* ¶ 97.) Of course, their damages are not the amount of the deduction, but rather, the increase in taxes that they had to pay because of the lower deduction. Thus, to determine and dispute damages, Defendant needs to be able to thoroughly evaluate Plaintiffs' tax situation. To put it another way, the gravamen of Plaintiffs' lawsuit is inconsistent with their invocation of the privilege.

The cases cited by Plaintiffs do not persuade the Court otherwise. In *In re: Yosemite National Park Hantavirus Lit.*, 2016 WL 5335550 *3 (N.D. Cal. Sep. 23, 2016), defendants sought the plaintiff's tax returns merely because the plaintiff sought lost wages. The court denied the motion to compel production of the tax returns because the defendant had not explained why it needed tax returns to compute the plaintiff's lost wages. Here, in contrast, Defendant seeks tax returns to compute Plaintiffs' alleged overpayment of *taxes*. The tax returns are central to this computation. *Richter v. CC-Palo Alto, Inc.*, 14-CV-00750-EJD (VKD), 2018 WL 3614964, at *2 (N.D. Cal. July 30, 2018), also did not involve damages of overpayment of taxes.

Accordingly, within 14 days of this Order Plaintiffs shall produce their 2016 and 2017 federal and state tax returns and accompanying work papers in hard copy form and subject to the governing protective order. If after reviewing the returns Defendant believes it needs to also see the 2015 returns, it can explain why to Plaintiffs and if there is still a dispute bring it to the Court's attention.

2. The dispute as to documents related to Ascend Legend and Valley High is resolved as stated by the parties in open court. Plaintiffs shall produce the promised operating and partnership

agreements and side letters within 14 days of the date of this Order.

        3.       Before the parties bring any further discovery disputes to the Court's attention they shall meet and confer in person in Los Angeles or any other location jointly agreed to by the parties.

The Joint Administrative Motion to Seal is GRANTED. (Dkt. No. 61.)

This Order disposes of Docket Nos. 61, 62, 63.

**IT IS SO ORDERED.**

Dated: May 2, 2019

                                                                           JACQUELINE SCOTT CORLEY
                                                                           United States Magistrate Judge