UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY FAIRBAIRN, et al., <br><br>Plaintiffs, <br><br>v. <br><br>FIDELITY INVESTMENTS CHARITABLE GIFT FUND, <br><br>Defendant. | Case No. 18-cv-04881-JSC <br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL** <br><br>Re: Dkt. Nos. 166 & 167 |

The Court is in receipt of Plaintiffs' renewed administrative motions to seal (1) portions of Fidelity Charitable's opposition to Plaintiffs' motion for summary judgment and exhibits thereto, and (2) portions of Plaintiffs' reply brief in support of summary judgment and exhibits thereto. (Dkt. Nos. 166 & 167.) The Court previously denied motions to seal this material without prejudice to renewal accompanied by declarations showing that Energous and/or the third-party contend that the information is confidential and properly subject to sealing. (Dkt. No. 157.)

In the renewed motions to seal Plaintiffs seek sealing of nonpublic information regarding Energous and a former employee (Mr. Leabman), including internal communications regarding the former employee's employment status. Plaintiffs contend that "[t]he disclosure of the confidential information in these documents would be harmful to the former employee of Energous and to Energous because they contain private personal information about the former employee and nonpublic business information about Energous that could be improperly used by Energous's competitors to harm its business." (Dkt. No. 167 at 3:24-27; see also Dkt. No. 166 at 3:23-26.) Neither Mr. Leabman nor Energous have submitted declarations in support of sealing, but counsel for Plaintiffs attest that they have spoken to both third parties and they requested sealing of these matters. Mr. Leabman advised counsel that "he was concerned about the public

1   disclosure of facts and opinions relating to his employment status at Energous, including his

2   transition in January." (Dkt. No. 166-1 at ¶ 6.) Similarly, counsel for Energous advised Plaintiffs'

3   counsel that "that these documents or portions thereof should be sealed because they contain

4   nonpublic, confidential information, the disclosure of which will harm Energous' privacy

5   interests. Specifically, she was concerned about the public disclosure of facts and opinions relating

6   to personnel decisions about Energous employees." (Dkt. No. 167-2 at ¶ 6.)

7   These attestations fail to satisfy the compelling reasons standard. *See Kamakana v. City &
8   Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Examples of compelling reasons include
9   "the use of court records for improper purposes," such as "to gratify private spite, promote public
10  scandal, circulate libelous statements, or release trade secrets." *Id*. "Simply mentioning a general
11  category of privilege, without any further elaboration or any specific linkage with the documents,
12  does not satisfy the burden." *Id*. Plaintiffs and the third parties' conclusory statements that the
13  materials discussed therein are confidential and nonpublic, does not demonstrate that they are
14  properly sealable. *See, e.g., Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846 LHK PSG, 2013
15  WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) ("Although Samsung recites boilerplate terms that this
16  information is proprietary and confidential, it does not provide a particularized showing of how
17  this information would be detrimental if disclosed."); *Hodges v. Apple, Inc.*, No. 13-cv-01128-
18  WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)( "[a]n unsupported assertion of unfair
19  advantage to competitors without explaining how a competitor would use the information to
20  obtain an unfair advantage is insufficient."); *Welle v. Provident Life & Accident Ins. Co*., No.
21  3:12–cv–3016 EMC (KAW), 2013 WL 6055369, at *2 (N.D. Cal. Nov. 14, 2013) ("although
22  [defendant] identifies the information at issue as proprietary and confidential, it does not provide
23  reasons beyond the boilerplate references to competitive disadvantage if the information were
24  publicly available."); *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, No. 12–cv–1971–CW, 2013
25  WL 4049686, at *1 (N.D. Cal. Aug. 8, 2013) (denying sealing where party "failed to state what
26  harm [it] would experience if this material were publicly disclosed or to provide any specific
27  reasons, supported by facts, that could outweigh the public policy favoring public access to court
28  filings."). It is not at all apparent how disclosure of the information would harm Energous, a

publicly-traded company, in a manner that would render the information subject to sealing.

Accordingly, Plaintiffs' renewed administrative motions to seal are DENIED.

This Order disposes of Docket Nos. 166 and 167.

**IT IS SO ORDERED.**

Dated: March 2, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge