David C. Marcus (SBN 158704)
david.marcus@wilmerhale.com
Christopher T. Casamassima (SBN 211280)
chris.casamassima@wilmerhale.com
Nicholas G. Purcell (SBN 313630)
nick.purcell@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: +1 213 443 5300
Facsimile: +1 213 443 5400

Andrew Dulberg (*admitted pro hac vice*)
andrew.dulberg@wilmerhale.com
Sarah R. Frazier (*admitted pro hac vice*)
sarah.frazier@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: +1 617 526 6000
Facsimile: +1 617 526 5000

*Attorneys for Defendant*
FIDELITY INVESTMENTS CHARITABLE
GIFT FUND

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EMILY FAIRBAIRN and MALCOLM FAIRBAIRN, <br><br> Plaintiffs, <br><br> v. <br><br> FIDELITY INVESTMENTS CHARITABLE GIFT FUND, <br><br> Defendant. | Case No. 3:18-cv-04881-JSC <br><br> **DECLARATION OF DAVID C. MARCUS IN SUPPORT OF DEFENDANT FIDELITY INVESTMENTS CHARITABLE GIFT FUND'S BILL OF COSTS** |

I, David C. Marcus, declare as follows:

1. I am a member of the California Bar and am admitted to practice before this Court. I am an attorney at Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale"), counsel to Fidelity Investments Charitable Gift Fund ("Fidelity Charitable") in Case No. 3:18-cv-4881-JSC. I am familiar with the facts set forth herein, and, if called as a witness, I could and would testify to each of them under oath.

2. I make this declaration in support of Defendant Fidelity Charitable's Bill of Costs. On February 26, 2021, after a bench trial with trial dates of October 19, 20, 21, 23, 26, 27, and 28, 2020, with closing argument held on December 4, 2020, this Court entered judgment in favor of Fidelity Charitable and against Plaintiffs Emily and Malcolm Fairbairn ("Plaintiffs") on all of Plaintiffs' claims. Dkt. 258. Fidelity Charitable is thus the prevailing party in this case.

3. I have reviewed Fidelity Charitable's Bill of Costs and the documents submitted therewith. The costs included in Fidelity Charitable's Bill of Costs are correctly stated. Further, these costs were necessarily incurred in connection with the above-captioned case, and, as set forth below, are recoverable by Fidelity Charitable under 28 U.S.C. § 1920, Civil Local Rule 54-3, and relevant case law. In the following paragraphs, I describe the costs Fidelity Charitable expended in defending itself against Plaintiffs' claims.

**A.   TRIAL TRANSCRIPTS**

4. Fidelity Charitable is entitled to recover costs for trial transcripts where "necessarily obtained for an appeal." Civil L.R. 54-3(b). *See also* 28 U.S.C. § 1920(2). Fidelity Charitable obtained the trial transcripts in anticipation of appeal in this case. *See Phoenix Techs. Ltd. v. VMWare, Inc.*, No. 15-cv-01414-HSG, 2018 WL 4700347, at *3 (N.D. Cal. Sept. 30, 2018) ("The Court is satisfied that the cost of Defendant's daily trial transcript ought to be taxed, given the general practice in this district and the utility of such a transcript on appeal.").

5. Based on its records, Fidelity Charitable incurred the following costs for trial transcripts for which it seeks to recover: **$5,019.30**. Attached as **Exhibit A** are a spreadsheet summarizing these costs, and the true and correct copies of the invoices for these costs.

**B.     DEPOSITION TRANSCRIPTS AND VIDEO**

6.     Fidelity Charitable is entitled to recover the costs of deposition transcripts and deposition video recordings.  28 U.S.C. § 1920(2); Civil L.R. 54-3(c).  Civil L.R. 54-3(c)(1) permits recovery of the "cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with a case."  The Local Rules also allow recovery for the "cost of reproducing exhibits to depositions … if the cost of the deposition is allowable."  Civil L.R. 54-3(c)(3).

7.     Based on its records, Fidelity Charitable incurred the following costs for transcripts and video recordings for the depositions in this case for which it seeks to recover: **$74,219.85**. Fidelity Charitable also incurred the following costs to reproduce deposition exhibits: **$5,950.35**. Attached as **Exhibit B** are a spreadsheet summarizing these costs, and the true and correct copies of the invoices for these costs.

**C.     REPRODUCTION AND EXEMPLIFICATION OF DISCOVERY DOCUMENTS**

8.     Fidelity Charitable is entitled to recover the cost of "reproducing disclosure or formal discovery documents when used for any purpose in the case."  Civil L.R. 54-3(d)(2); 28 U.S.C. § 1920(4). Fidelity Charitable incurred such costs by paying third-party vendors to collect, format, convert, store, Bates stamp, archive, OCR, and produce copies of electronically-stored discovery documents to Plaintiffs in accordance with the ESI stipulation agreed to by the parties in this case.  Attached as **Exhibit C** is that stipulation.  Dkt. 52.  Fidelity Charitable also incurred costs to maintain a discovery database that was necessary to copy, produce and maintain its electronically-stored documents in compliance with the ESI stipulation.  Finally, Fidelity Charitable created copies of discovery documents in preparation for depositions and trial.

9.     Based on its records, Fidelity Charitable incurred the following costs for the reproduction of discovery documents for which it seeks to recover: **$77,235.00**.  Attached as **Exhibit D** are a spreadsheet summarizing these costs, and the true and correct copies of the invoices for these costs.

Case No. 3:18-cv-04881-JSC                                             MARCUS DECLARATION ISO BILL OF COSTS

### D.   REPRODUCTION AND EXEMPLIFICATION OF TRIAL EXHIBITS

10.   Fidelity Charitable is entitled to recover the cost of "reproducing trial exhibits … to the extent that a Judge requires copies to be provided."  Civil L.R. 54-3(d)(4); 28 U.S.C. § 1920(4).  Fidelity Charitable incurred such costs by providing the Court with copies of trial exhibits and witness binders in accord with the Court's pretrial order.  Dkt. 184.  *See also, e.g.*, *Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.*, 2007 WL 832935, at *5 (N.D. Cal. Mar. 19, 2007) (allowing recovery of costs associated with trial exhibits and necessary witness binders where "[t]his Court does expect that counsel will provide the Court with a copy of such materials and a copy to be furnished to opposing counsel").

11.   Based on its records, Fidelity Charitable incurred the following costs for the reproduction of trial exhibits in this case for which it seeks to recover: **$3,168.63**.  Attached as **Exhibit E** are a spreadsheet summarizing these costs, and the true and correct copies of the invoices for these costs.

### E.   PREPARATION OF TRIAL DEMONSTRATIVES AND VISUAL AIDS

12.   Fidelity Charitable is entitled to recover the costs of preparing demonstratives, videotapes, and visual aids for trial.  Civil L.R. 54-3(d)(5); 28 U.S.C. § 1920(4).  Civil L.R. 54-3(d)(5) permits recovery of the "cost of preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits … if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial."  Fidelity Charitable incurred such costs in the preparation of demonstratives and visual aids to assist the Court in evaluating the issues, exhibits, and testimony at the trial, including complex financial and economic data.  Fidelity Charitable incurred a portion of these costs in March 2020, as a jury trial was scheduled in this case for April 6, 2020 until it was postponed on March 12, 2020 due to the coronavirus pandemic.  However, these costs were reasonably incurred in order to prepare visual aids that were reasonably necessary and were still used at trial in October 2020, and therefore are allowable by law.  Fidelity Charitable incurred additional costs of preparing demonstratives and visual aids leading up to and including the October 2020 trial.

13. Based on its records, Fidelity Charitable incurred the following costs for preparation of demonstratives and visual aids in this case for which it seeks to recover: **$105,293.69**. Attached as **Exhibit F** are a spreadsheet summarizing these costs, and the true and correct copies of the invoices for these costs.

### F.   WITNESS EXPENSES

14. Fidelity Charitable is entitled to recover the costs of witness per diem, subsistence, and mileage expenses for deposition and trial. Civil L.R. 54-3(e); 28 U.S.C. § 1920(3); 28 U.S.C. § 1821 (allowing a witness to collect fees and allowances when "before a United States Magistrate Judge, or before any person authorized to take his deposition…"). The travel and associated costs of expert witnesses is also taxable. *See Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1002-03 (N.D. Cal. 2009) (holding "the travel expenses for each of these witnesses [including expert witness] were reasonably necessary and properly taxed by the Clerk in defendants' favor").

15. Based on its records, Fidelity Charitable incurred the following costs for witness expenses at deposition and trial for which it seeks to recover: **$552.46**. Attached as **Exhibit G** are a spreadsheet summarizing these costs, and the true and correct copies of the invoices for these costs.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

DATED: March 11, 2021

Respectfully submitted,

By: */s/ David. C. Marcus*
David C. Marcus
Christopher T. Casamassima
Sarah Frazier (*pro hac vice*)
Andrew S. Dulberg (*pro hac vice*)
Nicholas G. Purcell
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: +1 213 443 5300
Facsimile: +1 213 443 5400

*Attorneys for Defendant*
FIDELITY INVESTMENTS
CHARITABLE GIFT FUND