# EXHIBIT C

David C. Marcus (SBN 158704)
david.marcus@wilmerhale.com
Christopher T. Casamassima (SBN 211280)
chris.casamassima@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: +1 213 443 5300
Facsimile: +1 213 443 5400

Alan E. Schoenfeld (admitted pro hac vice)
alan.schoenfeld@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: +1 212 230 8800
Facsimile: +1 212 230 8888

*Attorneys for Defendant*
FIDELITY INVESTMENTS CHARITABLE
GIFT FUND

Peter K. Stris (SBN 216226)
peter.stris@strismaher.com
Brendan S. Maher (SBN 217043)
brendan.maher@strismaher.com
Bridget Asay (admitted pro hac vice)
bridget.asay@strismaher.com
Rachana A. Pathak (SBN 218521)
radha.pathak@strismaher.com
Dana Berkowitz (SBN 303094)
dana.berkowitz@strismaher.com
John Stokes (SBN 310847)
john.stokes@strismaher.com
STRIS & MAHER LLP
725 South Figueroa Street, Suite 1830
Los Angeles, CA 90017
Telephone: +1 213 995 6800
Facsimile: +1 213 261 0299

*Attorneys for Plaintiffs*
EMILY AND MALCOLM FAIRBAIRN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY FAIRBAIRN and MALCOLM FAIRBAIRN,<br><br>Plaintiff(s),<br><br>vs.<br><br>FIDELITY INVESTMENTS CHARITABLE GIFT FUND,<br><br>Defendant(s). | CASE NO. 3:18-cv-04881-JSC<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION**<br><br>Hon. Jacqueline Scott Corley |

1
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

Plaintiffs Emily and Malcolm Fairbairn and Defendant Fidelity Investments Charitable Gift Fund, by and through their counsel of record, hereby enter into the foregoing Stipulated Order regarding Discovery of Electronically Stored Information ("ESI").

1. **PURPOSE**

This Order will govern discovery of ESI in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2. **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3. **LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

4. **PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate.[1] To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

---

[1] The parties will continue to meet and confer to modify this ESI Protocol to the extent necessary to determine whether any data sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) should be preserved but not searched, reviewed, or produced; and/or whether data from those sources could contain relevant information but under the proportionality factors should not be preserved.

    a) The Parties will preserve all documents potentially relevant to the dispute; and

    b) Within 5 court days of executing this stipulation, the parties agree to exchange a list of (a) the types of ESI they have preserved, (b) the names of the custodians, and their general job titles or descriptions from whom they have collected ESI, or from whom they are in the process of collecting ESI, and (c) the search terms utilized in conducting such collections. The parties shall add or remove custodians as reasonably necessary with notice to the other party within 5 days.

5. **SEARCH**

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

6. **PRODUCTION FORMATS**

The parties agree to produce documents in ☒PDF, ☒TIFF, ☒native and/or ☐paper or a combination thereof (check all that apply) file formats. Images must be produced in single page format, either PDFs or Tiff/Jpeg. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process, including documents produced as native files pursuant to Section 9.

7. **LOAD FILES**

All production items will be provided with a delimited data file or "load file." Each party will designate its preferred load file format.

8. **METADATA FIELDS**

Except as otherwise set forth in this Order, *infra*, ESI files shall be produced with at least each of the following data fields to the extent reasonably possible:

FIRSTBATES

LASTBATES

ATTACHRANGE

| | |
|---|---|
| 1 | BEGATTACH |
| 2 | BEGATTACH |
| 3 | PARENT_BATES |
| 4 | CHILD_BATES |
| 5 | FROM |
| 6 | TO |
| 7 | CC |
| 8 | BCC |
| 9 | TITLE |
| 10 | SUBJECT |
| 11 | DATE_SENT |
| 12 | TIME_SENT |
| 13 | LINK |
| 14 | MIME_TYPE |
| 15 | FILENAME |
| 16 | FILE_EXTEN |
| 17 | AUTHOR |
| 18 | DATE_CREATED |
| 19 | TIME_CREATED |
| 20 | DATE_MOD |
| 21 | TIME_MOD |
| 22 | FILE_SIZE |
| 23 | PGCOUNT |
| 24 | INTMSGID |
| 25 | MD5HASH |
| 26 | OCRPATH |
| 27 | |
| 28 | |

## 9. PRODUCTION OF NATIVE ITEMS

The parties agree that ESI shall be produced as black and white TIFFs with an accompanying load file, which will contain, among other data points, the ESI data fields listed in Section 8 above. The exceptions to this rule are for (1) spreadsheet-application files (e.g., MS Excel), and multimedia audio/visual files such as voice and video recordings (e.g., .wav, .mpeg, and .avi), which shall be produced in native format with a Bates-numbered slipsheet as a placeholder; and (2) other circumstances where for technical reasons (for example, unlisted or unknown file types), producing a slipsheet placeholder is reasonable.

## 10. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI.

## 11. PARENT-CHILD RELATIONSHIPS

Parent-child relationships (the association between an attachment and its parent document) that have been maintained in the ordinary course of business must be preserved. The producing party will produce responsive documents in the same family together unless one or more family members are privileged or implicate the privacy or confidentiality rights of third parties, and in that case, the family will be Bates numbered and the items that items at are privileged or implicate the privacy or confidentiality rights of third parties will be removed and indicated by the insertion of a slipsheet noting the removal. If, however, an attachment to a responsive document is not, standing alone, responsive, then then the producing party shall not be obligated to produce it.

## 12. PRODUCTION OF PRIVILEGE LOGS

For any document withheld in its entirety or produced but redacted based on privilege, the producing party will produce privilege/redaction logs in Excel format or any other format that permits electronic sorting and searching, except that the Parties shall have no obligation to log information generated after the date of commencement of this lawsuit. The parties agree

that privilege logs may be produced within 30 days of the initial production of documents by a party, and every 30 days thereafter, up to 30 days prior to the close of fact discovery.

**13. DOCUMENTS PROTECTED FROM DISCOVERY[2]**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**14. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

---

[2] To the extent necessary, the parties will meet and confer to agree upon a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5).

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: January 9, 2019  **STRIS & MAHER LLP**

By: */s/ Rachana A. Pathak*
Rachana A. Pathak (SBN 218521)
Peter K. Stris (SBN 216226)
Brendan S. Maher (SBN 217043)
Bridget Asay (admitted pro hac vice)
Dana Berkowitz (SBN 303094)
John Stokes (SBN 310847)

*Counsel for Plaintiffs*
Emily and Malcolm Fairbairn

DATED: January 9, 2019  **WILMER CUTLER PICKERING HALE AND DORR LLP**

By: */s/ Christopher T. Casamassima*
David C. Marcus (SBN 158704)
Christopher T. Casamassima (SBN 211280)
Nicholas G. Purcell (SBN 313632)
Alan E. Schoenfeld (admitted pro hac vice)

*Counsel for Defendant*
Fidelity Investments Charitable Gift Fund

**ATTESTATION OF SIGNATURES**

I, Christopher T. Casamassima, hereby attest, pursuant to Local Civil Rule 5-1(i)(3) of the Northern District of California, that concurrence in the filing of this document has been obtained from each signatory hereto.

                                             */s/ Christopher T. Casamassima*
                                             Christopher T. Casamassima

                                             *Counsel for Defendant*
                                             Fidelity Investments Charitable Gift Fund

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: _____

                              THE HONORABLE JACQUELINE SCOTT CORLEY
                                       UNITED STATES MAGISTRATE JUDGE