**STRIS & MAHER LLP**
PETER K. STRIS
  pstris@stris.com
ELIZABETH R. BRANNEN
  ebrannen@stris.com
RACHANA A. PATHAK
  rpathak@stris.com
777 S. Figueroa Street, Suite 3850
Los Angeles, CA 90017

BRIDGET ASAY (*pro hac vice*)
  basay@stris.com
28 Elm Street, Floor 2
Montpelier, VT 05602

T: (213) 995-6800 | F: (213) 261-0299

*Attorneys for Plaintiffs*
EMILY AND MALCOLM FAIRBAIRN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| EMILY FAIRBAIRN and MALCOLM FAIRBAIRN,<br><br>    Plaintiffs,<br><br>    v.<br><br>FIDELITY INVESTMENTS CHARITABLE GIFT FUND,<br><br>    Defendant. | Case No. 3:18-cv-04881-JSC<br><br>[Hon. Jacqueline Scott Corley]<br><br>**PLAINTIFFS' OBJECTIONS TO BILL OF COSTS FILED BY FIDELITY INVESTMENTS CHARITABLE GIFT FUND** |

Pursuant to Northern District of California Civil Local Rule 54-2, Plaintiffs Emily and Malcolm Fairbairn set forth their objections to the bill of costs filed by Defendant Fidelity Investments Charitable Gift Fund, ECF 259. Counsel met and conferred in an effort to resolve the parties' disagreement about the taxable costs claimed in Fidelity Charitable's bill. Declaration of Rachana Pathak ("Pathak Dec.") ¶¶ 2-3.

Fidelity Charitable originally sought $271,439.28 in costs. ECF 259 at 2. After counsel for the parties met and conferred, Fidelity Charitable reduced its request to $250,350.12. Plaintiffs object to $185,914.39 of this amount.

**A. Reporters' Transcripts & Depositions**

The parties have agreed that Fidelity Charitable seeks, and Plaintiffs do not object to, the following revised amounts:

1. Reporters' Transcripts (Item 8b, Transcripts for appeal): $2,702.20. Pathak Dec. ¶ 4.

2. Depositions (Item 8c, Deposition transcript/video recording): $55,447.79. Pathak Dec. ¶ 5, Ex. B.

**B. Formal Discovery Documents (Reproduction and Exemplification)**

In item 8d, Fidelity Charitable seeks $77,235.00 in e-discovery costs. Plaintiffs object to this entire amount.

Basis of objection: Under Local Rule 54-3(d)(2), e-discovery costs are compensable only to the extent they are "the equivalent of the 'physical preparation and duplication of documents.'" *eBay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 WL 1402736, at *7 (N.D. Cal. Apr. 5, 2013) (citation omitted); *see Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 3822129, at *3 (N.D. Cal. Sept. 4, 2012). This includes only costs "that are analogous to 'making copies,' as opposed to costs incurred for the parties' convenience or attributable to the 'intellectual effort' involved in document production." *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *11 (N.D. Cal. Sept. 19, 2014); *see eBay*, 2013 WL 1402736, at *5, *7.

Costs are recoverable, moreover, only for documents actually produced to Plaintiffs. *eBay*, 2013 WL 1402736, at *7 ("The documents must have been prepared for or tendered to Kelora."); *Apple, Inc.*, 2014 WL 4745933, at *11 ("[C]ourts in the Northern District have determined that only

costs associated with documents produced to the opposing party are taxable under Local Rule 54-3(d)(2)."); *Kwan Software Eng'g, Inc. v. Foray Techs.*, LLC, No. 12-3762, 2014 WL 1860298, at *5 (N.D. Cal. May 8, 2014) (rejecting all e-discovery costs related to unproduced documents).

Here, Fidelity Charitable seeks to recover e-discovery costs that are not compensable under these standards, and its documentation provides no way to determine which costs are allowable and which are not. Fidelity Charitable accordingly cannot meet its burden of showing the amount of costs that are taxable, and its request for e-discovery costs should be denied in its entirety. *See Oracle Am.*, 2012 WL 3822129, at *3 (denying entirety of request for e-discovery costs because prevailing party sought costs that were not recoverable); *see also Apple, Inc.*, 2014 WL 4745933, at *3 ("[T]he burden first rests with the prevailing party to demonstrate the amount of costs that are taxable under relevant local laws."); L.R. 54-1(a) (requiring "[a]ppropriate documentation to support each item claimed").

*First*, Fidelity Charitable seeks recovery for more than just the documents it actually produced to Plaintiffs. *See, e.g.*, ECF 259-5 at 2-5 (seeking recovery for "third-party data uploads," printing binders that were not produced to Plaintiffs, and printing discovery documents for use at depositions, trial, and closing argument). Indeed, Fidelity Charitable requests costs incurred in 2020 and 2021, when no documents were produced to Plaintiffs. Neither Fidelity Charitable's declaration nor the entries in its supporting documentation state or otherwise make clear that its remaining requests are limited to documents it produced to Plaintiffs. Because Fidelity Charitable's materials offer no way to delineate between produced and unproduced documents, its entire request must be denied.

Fidelity Charitable's requests for costs associated with printing documents for binders and to use at depositions, trial, and closing argument should also be denied because those costs were obviously incurred for Fidelity Charitable's convenience, not for production to Plaintiffs as the case law requires. *See* ECF 259-5 at 2-5.

*Second*, Fidelity Charitable seeks recovery for numerous items "attributable to the 'intellectual effort' involved in document production," *Apple, Inc.*, 2014 WL 4745933, at *11, such as "organizing, searching, and analyzing discovery documents," *eBay*, 2013 WL 1402736, at *7. *See also Oracle Am.*, 2012 WL 3822129, at *3.

Fidelity Charitable's documentation includes numerous entries for items such as "Technical Hours (Foldering, Searches, Productions, etc.)" that plainly fall outside the bounds of what is recoverable. *E.g.*, ECF 259-5 at 28, 40, 45, 51, 60, 65, 70, 74, 79, 83, 100, 104, 122, 126, 130. Virtually every page of its documentation, moreover, appears to reflect searching of discovery documents, which is not recoverable. *See, e.g.*, ECF 259-5 at 7 (referencing "Search1," "Search3," and "Search4"); *eBay*, 2013 WL 1402736, at *7. Despite the apparent inclusion of searching in its documentation, Fidelity Charitable's declaration does not state that these entries reflect only costs actually analogous to "making copies," as opposed to "intellectual effort" like "organizing, searching, and analyzing discovery documents." *Id.*; ECF 259-1 ¶¶ 8-9 (stating that Fidelity Charitable incurred costs to "format, convert, store, Bates stamp," and the like, but not explaining entries that appear to reflect intellectual effort beyond those items). Because Fidelity Charitable's materials offer no way to delineate between costs analogous to physical copying and those incurred for convenience or intellectual effort, its entire request must be denied.

### C. Trial Exhibits (Reproduction and Exemplification)

In item 8d, Fidelity seeks $3,168.63 for reproduction and exemplification of trial exhibits. Plaintiffs object to $2,833.24 of this amount, but agree that $335.39 may be allowed.

<u>Basis of objection</u>: Local Rule 54-3(d)(4) allows "[t]he cost of reproducing trial exhibits," but only "to the extent that a Judge requires copies to be provided." Only the cost of providing materials to the Court may be recovered; Fidelity may not recover for the cost of providing materials to counsel, parties, or witnesses. *Apple Inc. v. Samsung Elecs. Co.*, No. 5:12-CV-00630-LHK, 2015 WL 4967769, at *10 (N.D. Cal. Aug. 20, 2015).

Judge Corley's written pretrial order appears to require all trial exhibits to be printed and lodged with the Court, but Judge Corley clarified her requirements at a case management conference on September 16, 2020. Judge Corley stated that she did not "want any hard copies of anything until after the trial," and the parties should provide paper copies of only the admitted trial exhibits. Pathak Dec. ¶ 6, Ex. C (Tr. 5:8-12). Judge Corley made clear that the parties were not required to provide witnesses or counsel with paper copies of trial exhibits; instead, the parties would utilize the "share screen" function during trial. *Id.* (Tr. 6:5-7). Judge Corley agreed that the parties *could* provide hard

copies of exhibits to witnesses, but this was clearly for the convenience of the parties, not a judicial requirement. *Id.* (Tr. 12:15-25).

Fidelity's supporting documentation reflects only one invoice, for $335.39, associated with the required binder of admitted trial exhibits. ECF 259-6 at 1, 16. Any other cost should be disallowed.

### D. Visual Aids (Reproduction and Exemplification)

In item 8d, Fidelity Charitable seeks $105,293.69 for "the costs of preparing demonstratives, videotapes, and visual aids for trial." ECF 259-1 at 4 (¶ 12). Plaintiffs object to this entire requested amount.

Basis of objection: Under Local Rule 54-3(d)(5), Fidelity Charitable may recover the cost of preparing only those trial exhibits that are "reasonably necessary to assist the jury or the Court in understanding the issues at the trial." Moreover, "only the cost of physical preparation of demonstratives are recoverable under Civ. L.R. 54-3(d)(5); costs associated with the intellectual effort involved in creating the content of demonstratives are not recoverable." *Ancora Techs., Inc. v. Apple, Inc.*, No. 11-CV-06357 YGR, 2013 WL 4532927, at *5 (N.D. Cal. Aug. 26, 2013).

Fidelity Charitable retained Impact Trial Consulting, LLC, which offers services well beyond the physical preparation of trial exhibits. For example, Fidelity Charitable's own documentation makes clear that 138.5 hours, corresponding to $32,692.38, was not attributable to graphics at all, but rather to services such as "database work," "deposition video editing," "trial preparation," and "presentation support." Pathak Dec. ¶ 7, Ex. D at 4. Thus, even if some graphic production costs are ultimately allowed, at bare minimum these costs should be disallowed.

Fidelity Charitable's supporting documentation demonstrates that 309.25 hours (corresponding to $72,673.75) was spent on "project meetings" related to graphics and "development and production" of graphics. Pathak Dec. ¶ 7, Ex. D at 1-3. It is impossible to delineate between "project meetings" and "development" of graphics on the one hand and "production" of graphics on the other, so Plaintiffs are unable to determine how many hours were associated with physical production (allowable) versus intellectual effort (not allowable).

Moreover, Fidelity Charitable does not explain which graphics (or even how many) were created, and thus Plaintiffs cannot respond to its conclusory assertion that the graphics were

"reasonably necessary." For example, the first five demonstratives disclosed by Fidelity Charitable, for use during its opening argument at trial, were merely slides with witnesses' names, photographs, and identifying information, *see* Pathak Dec. ¶ 8, Ex. E. This is not even close to the "complex financial and economic data" that Fidelity Charitable mentions in its supporting declaration. ECF 259-1 at 4 (¶ 12).

Even graphics reflecting complex information were largely adapted from Fidelity Charitable's expert reports, often with little or no change. *See* Pathak Dec. ¶ 8. Fidelity Charitable has not explained why it was reasonably necessary to incur $72,673.75 in costs to produce such adaptations. And to the extent the graphics were revised in ways designed to better reflect the financial information from expert reports, that is non-taxable intellectual effort.

Because Plaintiffs cannot identify the cost associated with physical production of "reasonably necessary" trial exhibits, Fidelity Charitable's requests should be disallowed.

### E. Witness Fees and Expenses

In item 8e, Fidelity Charitable seeks $552.46 as reimbursement for Christian Zarcu's travel and lodging costs in connection with his deposition. Plaintiffs object to this entire requested amount.

<u>Basis of objection</u>: Local Rule 54-3(f) permits only "[p]er diem, subsistence and mileage payments," and even those costs are allowed only when "reasonably necessary." Mr. Zarcu's travel and lodging costs were not "reasonably necessary," because Fidelity Charitable selected both the location and the date of Mr. Zarcu's deposition and could have requested a location closer to Mr. Zarcu's home. Pathak Dec. ¶ 9, Ex. F. Moreover, Fidelity Charitable has not requested per diem, subsistence, or mileage payments; nor has it attached any appropriate documentation supporting such a request. It has instead submitted only the actual costs of Mr. Zarcu's hotel, train, and taxis. These are not allowable costs.

Dated: March 25, 2021

Respectfully submitted,
**STRIS & MAHER LLP**

/s/ Rachana Pathak
Rachana Pathak
*Attorneys for Plaintiffs*
Emily and Malcolm Fairbairn

5
PLAINTIFFS' OBJECTIONS TO BILL OF COSTS
CASE NO. 3:18-CV-04881-JSC