# EXHIBIT A

| | |
|---|---|
| **From:** | Radha Pathak |
| **To:** | Dulberg, Andrew S.; Frazier, Sarah; Marcus, David; Casamassima, Chris; Purcell, Nick |
| **Cc:** | Elizabeth Brannen; Bridget Asay; John Stokes; Radha Pathak |
| **Subject:** | Fairbairn v. Fidelity |
| **Date:** | Monday, March 15, 2021 4:11:55 PM |
| **Attachments:** | 2021 03 15 Letter re bill of costs.pdf |

Counsel:

I hope you all are well.  Please see the attached letter regarding Fidelity's bill of costs, and please let us know if you are available to discuss this week.  Wednesday or Thursday at 1 pm PT would work well on our end.

Best wishes,
Radha

**Radha Pathak | Stris & Maher LLP**
777 South Figueroa Street, Suite 3850 | Los Angeles, CA 90017
Phone: 213.995.6807 | Fax: 213.261.0299
Email: RPathak@stris.com | Website: www.stris.com
She, Her, Hers



RADHA (RACHANA) PATHAK
(213) 995-6807
(213) 261-0299 (fax)
rpathak@stris.com

March 15, 2021

**VIA ELECTRONIC MAIL ONLY**

Counsel:

We are in receipt of your bill of costs. Some of the costs Fidelity has requested are not properly taxable under Fed. R. Civ. P. 54(d)(1) and the local rules of the Northern District of California. We write this letter to commence the meet and confer process for resolving our objections, pursuant to Civil Local Rule 54-2(b). We are available this week to speak further by phone regarding our objections and would prefer to speak on Wednesday or Thursday if possible.

### Trial Transcripts

Local Rule 54-3(b)(1) permits "[t]he cost of transcripts necessarily obtained for an appeal." These costs should be disallowed unless a notice of appeal is filed, and in any event, Fidelity has made no showing that expedited transcripts are necessary, so any amount exceeding the ordinary rate ($3.65 + $0.90) should be disallowed.

### Deposition Transcripts and Video

Local Rule 54-3(c)(1) permits "[t]he cost of an original and one copy of any deposition," but it is clear from Fidelity's invoices that it is requesting two printed transcripts plus the full cost of videotaping. *See, e.g.*, ECF 259-3 at 12 (requesting $414.75 for "Original with 1 Certified Transcript") and 13 (requesting four categories of costs associated with "Video"). This is impermissible. *Cooper v. United Air Lines, Inc.*, No. 13-CV-02870-JSC, 2015 WL 3548572, at *2 (N.D. Cal. June 5, 2015) (Corley, J.) ("The issue here is not that United seeks recovery of the costs of Plaintiff's videotaped depositions, but rather, that United seeks the costs for three versions of Plaintiff's depositions—an original and certified copy of the stenographic deposition transcript, and the videotaped deposition. . . . The costs of the videotaped depositions thus exceed the costs authorized by Civil Local Rule 54–3(c)(1)."). All costs associated with video services should be disallowed, as should any cost associated with an expedited transcript (*see, e.g.*, ECF 259-3 at 24 (invoice reflecting "expedited" delivery)).

### Reproduction and Exemplification of Discovery Documents.

Fidelity's requests include numerous items that fall outside of Local Rule 54-3(d)(2) as interpreted by courts in this district, and the documentation submitted does not provide an adequate basis to determine which costs are permissible and which are not. Fidelity accordingly



has not carried its burden to establish that the requested costs are taxable, and the entire request should be denied. *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 3822129, at *3 (N.D. Cal. Sept. 4, 2012).

### Trial Exhibits

Local Rule 54-3(d)(4) permits "[t]he cost of reproducing trial exhibits," but only "to the extent that a Judge requires copies to be provided." Judge Corley made clear to the parties that, despite the plain language of her pretrial order, she required hard copies of only the admitted trial exhibits. She did not require the parties to provide binders to witnesses or to counsel. As such, any cost other than $335.39 for "Admitted Trial Exhibits" should be disallowed.

### Trial Demonstratives and Visual Aids

Fidelity's requests include numerous items that fall outside of Local Rule 54-3(d)(5) as interpreted by courts in this district. Fidelity seeks recovery, for example, for what appear to be consulting meetings, deposition video editing, trial preparation, "database work," and "presentation support." *See* ECF 259-7. It is also unclear whether the "development and production" of graphics includes the type of planning and consultation that is not recoverable. Fidelity accordingly has not carried its burden to establish that the requested costs are taxable, and the request should be denied either in its entirety or, at minimum, to the extent it seeks to tax items such as those listed above. *See, e.g.*, *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 999-1001 (N.D. Cal. 2009); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 4745933, at *10 (N.D. Cal. Sept. 19, 2014).

### Witness Expenses

Local Rule 54-3(f) does not permit recovery of the actual costs of travel and lodging; it permits only "[p]er diem, subsistence and mileage payments," and even those costs are allowed only when "reasonably necessary." Fidelity selected both the location and the date of Mr. Zarcu's deposition and thus Mr. Zarcu's travel and lodging costs were not "reasonably necessary." Moreover, Fidelity has not requested per diem, subsistence, or mileage payments; nor has it attached any appropriate documentation supporting such a request. As such, the requested costs should be disallowed.


Sincerely,
/s/*Radha Pathak*
Radha (Rachana) Pathak